UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND GOMEZ JR.,<br><br>                Plaintiff,<br><br>vs.<br><br>CANYON COUNTY PROSECUTNG ATTORNEY,<br><br>                Defendant. | Case No. 1:21-cv-00518-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Raymond Gomez Jr. was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amendment if he desires to proceed.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

Plaintiff alleges as follows:

> I filed a civil rights state case with add on copies of evidence and I received back both civil rights complaint and evidence to slow down the process[;] if continued my evidence will show my rights violated.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Dkt. 3, p. 2 (verbatim). There are no further allegations explaining how Plaintiff was harmed, or how the county prosecutor had access to original filings intended for the county clerk of court.

### 2. Standard of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they state a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

### 3. Discussion

Plaintiff has stated no claim upon which he can proceed with his vague allegations. He will be permitted to file an amended complaint that is intended to completely replace his original Complaint. He cannot proceed on his claim as presented.

It is unclear whether Plaintiff is alleging that state actors interfered with his right to access the courts. Under the First Amendment, prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354.

To allege an injury that affected the right to access the courts, a plaintiff must (1) adequately describe the claim that was hindered and (2) allege facts that show it was actually hindered. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Hindered claims" can be "forward-looking" claims (those for which an impediment must be removed to permit the plaintiff to proceed with a still-viable claim) or "backward-looking" claims (those now impossible to file, like a statute of limitations issue). *Id.* at 413-14.

To state an access to courts claim when a prisoner asserts that he suffered the loss of a suit that cannot now be brought, a prisoner must allege facts supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that otherwise could be brought. *Id.* at 415-17. In other

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

words, if Plaintiff can still file his claim in a court, then he has no cause of action, but instead he should go ahead and try to refile and pursue his action.

If Plaintiff is trying to say that he had a conditions-of-confinement claim or other civil rights claim that he intended to bring in state court, but now he wants to assert those claims in federal court because of the interference with his filing in state court, he may attempt to set forth each particular claim in an amended complaint. In simplified terms, for each defendant. Plaintiff must include in his amended complaint, the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed. For each particular constitutional violation against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of his constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met;[1] (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant. He should do the same for each defendant, in turn.

---

[1] For example, Plaintiff must allege facts setting forth the elements of a First Amendment access-to-courts claim, as set forth above, or the elements of an Eighth (prisoner) or Fourteenth (pretrial detainee) conditions-of-confinement claim.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

## 4. Conclusion

Plaintiff will be required to file an amended complaint because the original Complaint does not contain sufficient information to state a plausible claim upon which relief can be granted. Failure to do so will result in dismissal of this entire case.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **30 days** after entry of this Order.

2. Failure to file an amended complaint will result in dismissal of the Complaint for failure to state a claim upon which relief can be granted, without further notice to Plaintiff.

DATED: February 3, 2022

B. Lynn Winmill
U.S. District Court Judge